IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:13-583 |
| | § | (CA. No. 2:16-327) |
| TONY MALDONADO, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING <u>CERTIFICATE OF APPEALABILITY</u>**

Tony Maldonado (Maldonado) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255, a motion to appoint counsel and a show cause motion. D.E. 25, 28, 29. The Government moved for summary judgment. D.E. 42. Maldonado did not file a reply.

## I.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND AND CLAIMS

Maldonado pleaded guilty to possession with intent to distribute less than 100 grams of heroin. The Probation Department prepared a Presentence Investigation Report (PSR). Maldonado's base offense level of 18 was calculated based upon the quantity of heroin seized, 23.58 grams. However, Maldonado qualified as a career offender pursuant to § 4B1.1.[1] He had two previous drug convictions, one federal and one state. As a result,

---

[1] The Sentencing Guidelines Manual provides that a defendant is a career offender if

Maldonado's offense level was increased to 29 after credit for acceptance of responsibility. His criminal history category was automatically increased to VI. As a career offender, Maldonado's sentencing guideline range was 151 to 188 months imprisonment.

At sentencing, defense counsel argued that Maldonado should be sentenced below the guidelines. The government recommended 151 months. The Court sentenced Maldonado to 120 months, followed by five years supervised release. D.E. 18. Maldonado did not appeal. Judgment was entered on the docket on October 11, 2013. *Id*.

### III.  MOVANT'S CLAIMS

Maldonado challenges his sentence enhancement as a career offender pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). By a supplemental motion, he also argues that he is actually innocent of career offender status because one of his previous convictions no longer qualifies as a controlled substance offense. He also requested that the Court stay these proceedings until after the Supreme Court decided *Beckles v. United States*, 137 S.Ct. 886 (2017).

---

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a *controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). Because Maldonado had two prior felony controlled substance offenses, he qualified under this provision.

The Government argues that the Court should deny the motion on the following grounds: 1) Maldonado waived his right to file a § 2255 motion, 2) the motion is untimely, and 3) it is without merit.

## VI.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.  Appointment of Counsel

Maldonado requests appointment of counsel to assist him with this motion. A § 2255 movant is not automatically entitled to appointed counsel. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right

to appointed counsel extends to the first appeal of right, and no further." *Finley*, 481 U.S. at 555 (internal citation omitted).

None of the circumstances that trigger appointment of counsel under the § 2255 Rules are present here. *See* § 2255 Rules 6(c), 8(c). Although counsel may be appointed in the interest of justice, Maldonado has not established that counsel is required for justice to be served. *See* Fed. R. Crim. P. 3006A(a)(2)(B); *see also United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (per curiam) (district court did not abuse discretion by failing to appoint counsel in § 2255 proceeding when no evidentiary hearing was necessary).

**C.    Statute of Limitations**

A convicted defendant generally has one year after the judgment of conviction becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f).[2] Maldonado's present motion was filed no earlier than July 21, 2016.

Maldonado's judgment became final on October 25, 2013, when the time for him to file a notice of appeal expired. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) *the date on which the judgment of conviction becomes final*;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) *the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

4

U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Unless an exception applies, Maldonado's claims are over two years too late.

Maldonado argues that his motion is timely on the grounds that newly decided Supreme Court authority extends the time to file his motion citing *Welch v. United States*, 136 S.Ct. 1257 (2016).

**D.**     ***Johnson* Claim**

The *Johnson* court held that the residual clause defining a crime of violence in 18 U.S.C. § 924(e) (known as the Armed Career Criminal Act or ACCA) was unconstitutionally vague. *Johnson* was issued on June 26, 2015. Maldonado did not file his motion until July 21, 2016. *See* Rule 3(c), 2255 Rules. Maldonado's motion is untimely as to this claim. Furthermore, because Maldonado was enhanced by two controlled substance offenses, not violent felonies, *Johnson* does not provide relief. In addition, although Maldonado's motion was filed before *Beckles* was decided, *Beckles* held that *Johnson* does not apply to challenges to the Sentencing Guidelines. 137 S.Ct. 886, 890 (2017).

**E.**     ***Hinkle and Mathis* Claim**

Maldonado's motion (D.E. 29) also argues that he is actually innocent of the career offender enhancement. He relies on *United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016). The *Hinkle* court held that a violation of § 481.112(a) of the Texas Health & Safety Code does not qualify as controlled substance offenses pursuant to § 4B1.1. The Court construes his motion as a supplement to his § 2255 motion.

5

Maldonado was convicted of delivery of less than 28 grams of cocaine, pursuant to § 481.112(a) of the Texas Health & Safety Code. *See* D.E. 13, pp. 1-4. Under Texas law, "[d]elivery may be effectuated by an actual transfer, a constructive transfer, or an offer to sell." *Cornejo v. State*, 871 S.W.2d 752, 755 (Tex. App.—Houston [1st] Dist. 1993, pet. ref'd) (citing *Daniels v. State*, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988)). The key issue is whether delivery as defined under Texas law creates a broader crime than a controlled substance offense defined by the Sentencing Guidelines.[3]

After *Mathis v. United States*, 136 S.Ct. 2243, 2247 (2016), the *Hinkle* court held that the definition of delivery in § 481.112(a) provides several different means of committing the offense of delivery rather. *Hinkle*, 832 F.3d at 576. Thus, Maldonado's Texas cocaine delivery conviction is defined more broadly than a controlled substance offense. Under *Hinkle*, Maldonado's Texas conviction may no longer be used as a predicate offense. However, *Hinkle* does not extend limitations. *See* § 2255(f)(3). Only a new rule recognized by the Supreme Court that is retroactively applicable to cases on collateral review extends limitations.

---

[3] A controlled substance offense is:
> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

If *Mathis* stated a new rule of law and that applies retroactively, Maldonado's claim is timely. However, the *Mathis* Court specifically stated that it was applying "long-standing principles," citing *Tayler v. United States*, 495 U.S. 575, 602 (1990). Thus, by its own statements, *Mathis* does not state a new rule of law. As a result, Maldonado's filing is untimely.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Maldonado has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Maldonado cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Maldonado's motion for appointment of counsel (D.E. 25) is DENIED; his motion to vacate, set-aside or correct sentence (D.E. 28, Cause No. 2:16-CV-108, D.E. 1) is DENIED and he is DENIED a Certificate of Appealability. Maldonado's motion for a show cause order (D.E. 29) is also DENIED.

ORDERED this 6th day of July, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE